**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
**0** Valuation of Security  **0** Assumption of Executory Contract or Unexpired Lease  **1** Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: **Anthony R Brooks, Jr**
**Sherie N Brooks**

Case No.: _____
Judge: _____

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☑ Original
☐ Motions Included
☐ Modified/Notice Required
☐ Modified/No Notice Required

Date: _____

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☑ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney _____   Initial Debtor: **ARB** _____   Initial Co-Debtor **SNB** _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay **438.00 Monthly** to the Chapter 13 Trustee, starting on ___ for approximately **60** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
  ☑ Future Earnings
  ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
  ☐ Sale of real property
  Description:
  Proposed date for completion: _____

  ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

  ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection        **X NONE**

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Brad J. Sadek, Esquire** | **Attorney Fees** | **3,005.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
  Check one:
  ☑ None
  ☐ The allowed priority claims listed below are based on a domestic support obligation that has been

2

| | | | | |
|---|---|---|---|---|
| | assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4): | | | |
| Creditor | Type of Priority | Claim Amount | | Amount to be Paid |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Wells Fargo Hm Mortgag** | **712 Sherwood Drive Williamstown, NJ 08094 Gloucester County Market Value: $327,124.00 minus 10% cost of sale = $294,411.60** | **17,951.00** | **0.00** | **17,933.63** | **Paid Directly** |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Regional Acceptance Co** | **2014 Chrysler 300 54000 miles** | **2,716.00** | **0.00** | **2,713.37** | **Paid Directly** |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES**

3

| | | | | Value of | | |
| | | | | Creditor | Annual | Total |
| | | Scheduled | Total Collateral | Superior | Interest in | Interest | Amount to |
| Creditor | Collateral | Debt | Value | Liens | Collateral | Rate | Be Paid |

    2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

    Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

**f. Secured Claims Unaffected by the Plan** ☑ **NONE**

    The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan** ☑ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5: Unsecured Claims    ☐ NONE

    a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

        ☐ Not less than $____ to be distributed *pro rata*

        ☐ Not less than ___ percent

        ☑ *Pro Rata* distribution from any remaining funds

    b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6: Executory Contracts and Unexpired Leases    ☒ NONE

    (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

    All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

## Part 7: Motions    ☐ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| **Credit Acceptance** | **712 Sherwood Drive Williamstown, NJ 08094 Gloucester County Market Value: $327,124.00 minus 10% cost of sale = $294,411.60** | **Judgment Lien** | 9,362.00 | 327,124.00 | | 333,085.00 | 9,362.00 |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

### d. Post-Petition Claims

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification  ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: ____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| | |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☐ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **November 26, 2018**   **/s/ Anthony R Brooks, Jr**
**Anthony R Brooks, Jr**
Debtor

Date: **November 26, 2018**   **/s/ Sherie N Brooks**
**Sherie N Brooks**
Joint Debtor

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Date **November 26, 2018**         **/s/ Brad J. Sadek, Esquire**
                                    **Brad J. Sadek, Esquire**
                                    Attorney for the Debtor(s)

```
                              United States Bankruptcy Court
                                   District of New Jersey
In re:                                                       Case No. 18-34018-JNP
Anthony R Brooks, Jr                                         Chapter 13
Sherie N Brooks
         Debtors
                                  CERTIFICATE OF NOTICE
District/off: 0312-1           User: admin                Page 1 of 2         Date Rcvd: Dec 07, 2018
                               Form ID: pdf901            Total Noticed: 28


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 09, 2018.
db/jdb         +Anthony R Brooks, Jr,    Sherie N Brooks,    712 Sherwood Drive,    Williamstown, NJ 08094-1680
517908724      +Account Resolution Services,    Attn: Bankruptcy,    Po Box 459079,    Sunrise, FL 33345-9079
517908725      +Aes/pheaa,    Attn: Bankruptcy Dept,    Po Box 2461,    Harrisburg, PA 17105-2461
517908727     ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: Bank Of America,     Attn: Bankruptcy,    Po Box 982238,
                 El Paso, TX 79998)
517908728      +Chase Card Services,    Correspondence Dept,    Po Box 15298,    Wilmington, DE 19850-5298
517908730      +Commercial Acceptance Company,     2300 Gettysburg Road,    Suite 102,    Camp Hill, PA 17011-7303
517908731      +Credit Acceptance,    25505 West 12 Mile Rd,    Suite 3000,    Southfield, MI 48034-8331
517908733      +FedLoan Servicing,    Attn: Bankruptcy,    Po Box 69184,    Harrisburg, PA 17106-9184
517908734      +Financial Recoveries,    Attn: Bankruptcy,    Po Box 1388,    Mount Laurel, NJ 08054-7388
517908735      +First Premier Bank,    Attn: Bankruptcy,    Po Box 5524,    Sioux Falls, SD 57117-5524
517908736      +I C System Inc,    Attn: Bankruptcy,    P.O. Box 64378,    St. Paul, MN 55164-0378
517908737      +Impact Receivables Man,    11104 W Airport Blvd Ste,    Stafford, TX 77477-3035
517908739      +Phelan Hallinan Diamond and Jones,     Attn: Matthew Gross,    400 Fellowship Road,    Suite 100,
                 Mount Laurel, NJ 08054-3437
517908741      +Recovery One,    Attn: Bankruptcy Department,    3240 Henderson Road,    Columbus, OH 43220-2300
517908744      +U.S. Department of Education,    Ecmc/Bankruptcy,    Po Box 16408,    Saint Paul, MN 55116-0408
517908745      +US Deptartment of Education/Great Lakes,     Attn: Bankruptcy,    Po Box 7860,
                 Madison, WI 53707-7860
517908747      +Visa Dept Store National Bank/Macy's,     Attn: Bankruptcy,    Po Box 8053,    Mason, OH 45040-8053
517908748      +Wells Fargo Dealer Services,    Attn: Bankruptcy,    Po Box 19657,    Irvine, CA 92623-9657
517908749      +Wells Fargo Hm Mortgag,    Po Box 10335,    Des Moines, IA 50306-0335

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Dec 08 2018 00:48:00       U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Dec 08 2018 00:47:57        United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517908726      +E-mail/Text: bsimmons@amsher.com Dec 08 2018 00:48:35       AmSher Collection Srv,
                 4524 Southlake Parkway,    Ste 15,    Hoover, AL 35244-3271
517908729      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 08 2018 00:47:32        Comenity Bank/Lane Bryant,
                 Attn: Bankruptcy,    Po Box 182125,    Columbus, OH 43218-2125
517908732      +E-mail/Text: bknotice@ercbpo.com Dec 08 2018 00:48:04       ERC/Enhanced Recovery Corp,
                 Attn: Bankruptcy,    8014 Bayberry Road,    Jacksonville, FL 32256-7412
517908738      +E-mail/Text: electronicbkydocs@nelnet.net Dec 08 2018 00:48:04        Nelnet Loans,    Attn: Claims,
                 Po Box 82505,    Lincoln, NE 68501-2505
517908740      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 08 2018 01:05:32
                 Portfolio Recovery,    Po Box 41021,    Norfolk, VA 23541-1021
517908742      +E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Dec 08 2018 01:05:36       Regional Acceptance Co,
                 Attn: Bankruptcy,    1424 E Firetower Rd,    Greenville, NC 27858-4105
517908746      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Dec 08 2018 00:46:50
                 Verizon,    Verizon Wireless Bk Admin,    500 Technology Dr Ste 550,
                 Weldon Springs, MO 63304-2225
                                                                                              TOTAL: 9

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517908743     ##+Security Check,    Attn: Bankruptcy Dept,    2612 Jackson Ave W,    Oxford, MS 38655-5405
                                                                                              TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 09, 2018                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 6, 2018 at the address(es) listed below:
          Brad J. Sadek    on behalf of Joint Debtor Sherie N Brooks bradsadek@gmail.com, bradsadek@gmail.com
          Brad J. Sadek    on behalf of Debtor Anthony R Brooks, Jr bradsadek@gmail.com,  bradsadek@gmail.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
          TOTAL: 3